**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 22-46-DLB**

**TERRIL MONTEIZ DUCKETT**                                                                              **PETITIONER**

**VS.**                          **MEMORANDUM OPINION AND ORDER**

**WARDEN LEMASTER**                                                                                    **RESPONDENT**

**\*\*\* \*\*\* \*\*\* \*\*\***

Terril Monteiz Duckett is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Duckett filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the imposition of disciplinary sanctions against him. (Doc. # 1). The Court has fully reviewed Duckett's petition, the Respondent's response (Doc. # 8), and Duckett's reply brief (Doc. # 9). Thus, this matter is now ripe for a decision.

Duckett has not shown that he is entitled to a restoration of the good conduct time that he lost. As an initial matter, Duckett has not demonstrated in any clear way that he was denied the various procedural protections that he was due. Pursuant to long-standing Supreme Court precedent, Duckett was entitled to advance notice of the charges against him, the opportunity to present evidence and witnesses in his defense, and a written decision explaining the grounds used to determine his guilt. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974).

1

Here, Duckett does not dispute that he received each of these procedural protections. Indeed, as the Respondent points out, Duckett has acknowledged that he received notice of the charges against him in advance of both a unit disciplinary committee hearing and a hearing before a disciplinary hearing officer (DHO). (*See* Doc. # 8 at 10 (citing Doc. # 1-1 at 7-8)). Duckett has also not clearly alleged, let alone demonstrated, that he was denied the opportunity to present evidence and witnesses in his defense. And the record shows that prison officials eventually provided Duckett with a written decision from the DHO that explains the grounds used to determine his guilt of a Code 112 offense (i.e., use of marijuana). (*See* Doc. #8-1 at 13-15). Therefore, Duckett has not established that his due process rights were violated.

The Respondent concedes that, as a general matter, a DHO's decision is supposed to be delivered to an inmate within 15 business days of the decision, and, here, that delivery was delayed by several months. (Doc. # 8 at 11). However, Duckett has not demonstrated that he suffered any prejudice because of that delay, and the Respondent has shown that Duckett was still able to challenge the DHO's decision via the administrative remedy process notwithstanding the delay. (*See id.* (citing Doc. # 8-1 at 5-8 and 23-29)). Given this fact, Duckett has not shown he is entitled to habeas relief.

The only remaining question then is whether there was "some evidence" in the record to support the DHO's decision in this case. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F.3d 554, 558-59 (6th Cir. 2013). This is a very low threshold. After all, the Court does not examine the entire record or independently assess the credibility of witnesses. *Hill*, 472 U.S. at 455. Instead, the Court merely considers "whether there is *any* evidence in the record that could support the conclusion

2

reached by the disciplinary board." *Id.* at 455-56 (emphasis added); *see also Higgs v. Bland*, 888 F.2d 443, 448-49 (6th Cir. 1989).

In this case, there was certainly some evidence in the record to support the DHO's decision. Indeed, the DHO's report details the evidence linking Duckett to the offense in question, including but not limited to the incident report, a health services memorandum confirming that Duckett was not taking any medication that would provide a positive marijuana result, and a positive lab report for Duckett's urine specimen. (*See* Doc. # 8-1 at 14). This evidence was clearly enough to meet the very low threshold applicable here, *see Hill*, 472 U.S. at 454, and Duckett's various arguments simply do not warrant a different result.

Accordingly, it is **ORDERED** as follows:

(1) Duckett's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(3) The Court will enter a corresponding Judgment.

This 17th day of September 2024.

Signed By:
*David L. Bunning* DB
United States District Judge